# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

No. 14-2118(L), 14-2119

_____

GENSPERA, INC., *Plaintiff/Counter-Claim Defendant – Appellee,*
and JOHN T. ISAACS, Ph.D.; SAMUEL R. DENMEADE, MD
*Counter-Claim Defendants – Appellees,*
v.
ANNASTASIAH MUDIWA MHAKA, *Defendant/Counterclaimant-Appellant.*

_____

Appeal from the United States District Court for the District of Maryland in
No. 1:12-cv-00772-MJG, Senior Judge Marvin J. Garbis

-------------------------------------------------------------------------------

ANNASTASIAH MUDIWA MHAKA, *Plaintiff-Appellant,*
v.
GENSPERA, INC., JOHN T. ISAACS, Ph.D., and SAMUEL R. DENMEADE,
M.D., *Defendants – Appellees.*

_____

Appeal from the United States District Court for the District of Maryland in
No. 1:12-cv-03302-MJG, Senior Judge Marvin J. Garbis

## APPELLANT ANNASTASIAH MUDIWA MHAKA'S
## REPLY IN SUPPORT OF APPELLANT'S REQUEST FOR STAY

Spencer Hosie                          Philip M. Andrews
Hosie Rice LLP                         Ezra S. Gollogly
600 Montgomery Street, 34th Floor      Kramon & Graham, P.A.
San Francisco, CA 94111                One South Street
                                       Suite 2600
                                       Baltimore, Maryland 21202


*Filed on behalf of Defendant-Appellant Annastasiah Mudiwa Mhaka*

Pursuant to Federal Rules of Appellant Procedure 27(a)(3)(B) and 27(a)(4), Appellant Annastasiah Mudiwa Mhaka ("Dr. Mhaka") respectfully submits this reply in support of her Request for Stay (*see* Dkt. No. 23-1).[1]

Appellees GenSpera, Inc., John T. Isaacs, Ph.D., and Samuel R. Denmeade (collectively "GenSpera" or "Appellees"), in their opposition to Dr. Mhaka's Request for Stay, reiterate the position taken in their earlier filed Motion to Dismiss for Lack of Jurisdiction, that "the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over any appeal that raises" an inventorship issue. *See* Appellees' Response to Appellant's Request for Stay ("Opposition to Stay"), Dkt. No. 26, at 3. GenSpera seeks a ruling from this Court (absent a full briefing on the issues) that these consolidated actions do indeed present a substantial question of federal patent law. *Compare* 28 U.S.C. § 1295(a) (predicating the Federal Circuit's jurisdiction on the "civil action arising under . . . any Act of Congress relating to patents . . .") *with* 28 U.S.C. § 1338(a) (predicating a District Court's jurisdiction on the "civil action arising under any Act of Congress relating to patents . . . ."). The elephant in the room is that GenSpera will take this Court's abstention as proof that this Court concluded that GenSpera was

---

[1] Mhaka's Request for Stay (a motion for affirmative relief) was combined with her Opposition to Appellees GenSpera, Inc., John T. Isaacs, Ph.D., and Samuel R. Denmeade's Motion to Dismiss for Lack of Jurisdiction. This Court "may . . . upon request, place a case in abeyance pending disposition of matters before . . . other courts which may affect the ultimate resolution on appeal." Local Rule 12(d).

1

right and that Dr. Mhaka somehow concurred in this outcome.  It is not.  And she did not.

There is no question that this Court has the power to hear this appeal on jurisdictional grounds.  *See Scherbatskoy v. Halliburton Co.*, 125 F.3d 288, 291 (5th Cir. 1997) ("We conclude and hold that we have the requisite jurisdiction to consider the district court's jurisdiction herein. We decline to read section 1295 as granting exclusive jurisdiction to the Federal Circuit over issues of the propriety of a district court's jurisdiction under section 1338").  The point is this:  while this Court **may** address the jurisdictional question, should it?

GenSpera's opposition brief in the Federal Circuit is due the second week of February, and the matter will move forward briskly.  In contrast, the briefing schedule in this appeal is suspended pending resolution of this motion and Appellees' motion to dismiss.  *See* Order, Dkt. No. 28.

On this record, Dr. Mhaka respectfully request that this appeal be placed in abeyance in its entirety pending resolution of the underlying jurisdictional issues in the Federal Circuit.

Dated:  January 13, 2015

/s/  Spencer Hosie
Spencer Hosie
HOSIE RICE LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
shosie@hosielaw.com
Phone:  (415) 247-6000
Fax:  (415) 247-6001

2

Philip M. Andrews
Ezra S. Gollogly
KRAMON & GRAHAM, P.A.
One South Street
Suite 2600
Baltimore, Maryland 21202
pandrews@kg-law.com
egollogly@kg-law.com
Phone:  (410) 752-6030
Fax:  (410) 539-1269

## CERTIFICATE OF SERVICE

I certify that on January 13, 2015 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

John E. Nilsson
Seth I. Heller
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
(202) 942-5000
(202) 942-5733 (fax)
John.Nilsson@aporter.com
Seth.Heller@aporter.com

*Counsel for Plaintiff/Counter-Claim Defendant – Appellee GenSpera, Inc. and Counter-Claim Defendants – Appellees John T. Isaacs, Ph.D.; Samuel R. Denmeade, MD*

/s/ Janine DeAndre                    January 13, 2015
Signature                            Date

4